IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| WILLA CHARLENE ARNOLD,<br>*Plaintiff,*<br><br>vs.<br><br>ASCENSION HEALTH, INC.,<br><br>SAINT THOMAS HEALTH<br>f/k/a SAINT THOMAS HEALTH SERVICES,<br><br>SAINT THOMAS HICKMAN HOSPITAL<br>f/k/a HICKMAN COMMUNITY HEALTH<br>CARE SERVICES, INC.<br>a/k/a HICKMAN COMMUNITY HOSPITAL,<br><br>and<br><br>SAINT THOMAS HOME HEALTH<br>f/k/a HICKMAN COMMUNITY HOME<br>CARE, INC.,<br>*Defendants.* | DOCKET NO. 1:14-cv-8<br><br>CHIEF JUDGE HAYNES<br><br>JURY DEMAND |

## [PROPOSED] CASE MANAGEMENT ORDER

### I. Jurisdiction and Venue

This Court may exercise jurisdiction over all Defendants, pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367(a). This civil action arises under the laws of the United States and the State of Tennessee. Plaintiff is alleging violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) *et. seq.* and numerous state law claims. Venue is not contested.

## II. Parties' Theories of the Case

### 1. Plaintiff's Theory of the Case

Plaintiff brought suit against Ascension Health, Saint Thomas Health, Saint Thomas Hickman, and Saint Thomas Home Health. All allegations made by Plaintiff stem from an illegal drug screen/medical examination in which Plaintiff was forced to wear a hospital gown and expose her vagina and buttocks while urinating in a test cup. Defendants' violated 42 U.S.C. § 12112(d)(4)(A) by illegally subjecting Plaintiff to a medical examination under the guise of drug screen. In further violation of the A.D.A., the Defendants subsequently disseminated information from the medical examination to Plaintiff's co-workers and community.

Plaintiff claims various intentional torts including intentional infliction of emotional distress, and invasion of privacy-intrusion upon seclusion. Plaintiff also alleges Title VII-Employment Discrimination, violations of the Tennessee Human Rights Act, and sexual harassment. Plaintiff alleges multiple negligence causes of action. Plaintiff maintains the Tennessee Worker's Compensation exclusivity provision does not apply since the coverage formula is not satisfied.

### 2. Defendants' Theory of the Case

Plaintiff has sued legally distinct entities for actions taken only by Defendant Saint Thomas Hickman Hospital (the "Hospital"); the Hospital is the employer in this matter. There is no justification for "piercing the corporate veil." All other Defendants should be dismissed.

Defendants deny that any claim asserted by Plaintiff is well founded. The tort claims founded on accusations of negligence are due to be dismissed based on Tennessee's workers' compensation exclusivity. To the extent any tort claim is not dismissed, Plaintiff cannot satisfy all of the elements of each claim. For example, on the intentional infliction of emotional distress

claim, Plaintiff cannot establish that the alleged wrongful actions were intentional or reckless; neither were the actions so "severe" as to be outside the bounds of reasonableness so as to constitute an actionable claim. Neither will Plaintiff be able to establish injury, causation, damages, nor duty as to the remaining tort claims. The invasion of privacy claims, if not barred by workers' compensation exclusivity, similarly will fail as Plaintiff will not be able to establish any unreasonable intrusion on her privacy and the actions complained about were consented to by Plaintiff. The statutory claims fare no better; many should be dismissed, and those not dismissed will prove unsupportable as facts are determined through discovery. For example, the Americans with Disabilities Act (ADA) does not apply to tests by employers for illegal drugs; such tests are not medical tests. Even if the drug tests were medical tests under the ADA, the provisions of the ADA were not violated. Title VII and Tennessee Human Rights Act were not violated, as Defendants had a legitimate nondiscriminatory reason for administering the tests. Moreover, Plaintiff was neither treated disparately nor subjected to a hostile workplace, nor was she in any way retaliated against for any protected activity.

### III. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosures

The parties shall make their Rule 26(a)(1)(A) disclosures within (30) days from the date of the initial case management conference.

#### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

On or before **June 16, 2014**, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted,

3
Case 1:14-cv-00008   Document 23   Filed 03/14/14   Page 3 of 7 PageID #: 240

counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C. <u>Other Pretrial Discovery Matters</u>

As determined at the case management conference on **Monday, March 17, 2014**, this action is set for a jury trial on _Tusday, July 7, 2015_, at **9:00 a.m.**

If this action is to be settled, the Law Clerk shall be notified by noon on _Friday, July 3, 2015_. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held _Monday, June 22, 2015 @ 3:00pm_. A proposed pretrial order shall be submitted at the pretrial conference.

The expectation of the Parties is that much of the discovery will be repetitive for four (4) pending cases against the same Defendants and arising out of the same set of facts; therefore, the Parties agree for purposes of discovery only to consolidate the following cases: *Sanders v. Ascension Health, et. al.* (No. 1:14-cv-7); *Arnold v. Ascension Health, et. al.* (No. 1:14-cv-8); *McCaleb v. Ascension Health, et. al.* (No. 1:14-cv-9); *Kelso v. Ascension Health, et. al.* (No. 1:14-cv-10).

All discovery shall be completed by the close of business **December 31, 2014**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **December 31, 2014**. All discovery related statements shall be submitted in sufficient time so that the response shall be in hand by **December 31, 2014**. No motions related to discovery or for a

protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by the close of business on **February 17, 2015,** and any response thereto shall be filed by the close of business on **March 17, 2015.** Any reply shall be filed by the close of business on **April 7, 2015.**

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories per Plaintiff. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court shall govern.

By the close of business on **April 1, 2015,** the plaintiff shall declare to the defendants (<u>not</u> to file with the Court) the identity of her expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **May 1, 2015,** the defendants shall declare to the plaintiff (<u>not</u> to file with the Court) the identity of their expert witnesses and provide all the information

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

specified in rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **June 1, 2015**.

There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2)(B) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

**ENTERED** this the 24th day of March, 2014.

                                                WILLIAM J. HAYNES, JR.
                                                Chief Judge
                                                United States District Court

APPROVED BY ENTRY:

/s/ J. Miranda Belote
**J. Miranda Belote** (BPR No. 30742)
**Charlene Robin Vance** (BPR No.21614)
Vance Law Office, PLLC
214 Public Square
Watertown, TN 37184
P: 615-237-9338
F: 615-237-9385
mandy@vancelaw.org
robin@vancelaw.org
*Attorneys for Plaintiff*

/s/ Charles J. Mataya
**Charles J. Mataya** (BPR No.12710)
**J. Craig Oliver** (BPR No. 16838)
**John P. Rogers** (BPR No. 30324)
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: (615) 252-2324
F: (625) 252-6324
cmataya@babc.com
coliver@babc.com
jrodgers@babc.com
*Attorneys for Defendants*