IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| WILLA CHARLENE ARNOLD | ) | |
| | ) | |
| v. | ) | No. 1-14-0008 |
| | ) | |
| ASCENSION HEALTH, INC.;[1] | ) | |
| SAINT THOMAS HEALTH f/k/a Saint | ) | |
| Thomas Health Services; SAINT | ) | |
| THOMAS HICKMAN HOSPITAL f/k/a | ) | |
| Hickman Community Heathcare Services, | ) | |
| Inc. a/k/a Hickman Community Hospital; | ) | |
| and SAINT THOMAS HOME HEALTH | ) | |
| f/k/a Hickman Community Home Care, | ) | |
| Inc. | ) | |

O R D E R

Pursuant to the order entered July 8, 2014 (Docket Entry No. 50), counsel for the parties convened a telephone conference call with the Court on July 30, 2014, at which time the following matters were addressed:

A settlement conference is scheduled on **Wednesday, December 10, 2014, beginning at 9:00 a.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN.

Counsel for the parties have exchanged an initial demand and offer. The parties shall continue settlement discussions prior to the settlement conference.

Counsel for the parties and the plaintiff shall attend the settlement conference, along with a representative or representatives of the defendants with full settlement authority to enter into any settlement. For the purposes of this case, full settlement authority means that the defendants' representatives shall have full settlement authority up to the last demand made by the plaintiff, that the defendants' representatives do not need authority from any other individual or entity to enter into

---

[1] The plaintiff's claims against defendant Ascension Health, Inc. were dismissed without prejudice by notice of voluntary dismissal filed on March 31, 2014, and order entered April 2, 2014 (Docket Entry Nos. 27-28).

any settlement agreement, and that the defendants' representatives shall have total independent authority to enter into <u>any</u> settlement.[2]

Counsel for each party shall be prepared to present a brief opening statement (5 to 10 minutes) in the courtroom at the beginning of the settlement conference. The parties shall be prepared to devote the entire day to the settlement conference, if necessary.

By **December 2, 2014,** the parties shall deliver *under seal*, directly to Ms. Jeanne Cox, Courtroom Deputy to the undersigned, or to Mr. Steve Wilson or Mr. Christopher Call, law clerks to the undersigned, or provide by facsimile transmission (615-736-7070) ex parte, separate settlement conference statements which shall specify their respective settlement positions. If a settlement conference statement is provided by fax, it is not necessary to deliver the original.

1) Each statement is to be furnished only to the Court and not to the other parties. The statements shall not be e-filed or otherwise filed with the Clerk of Court.

2) In their respective statements, counsel for the parties shall make a candid assessment of the strengths and weaknesses of each party's position in the case and shall give a good faith opinion (expressed as a percentage) of each client's probable success on the merits of the case.

    a) Plaintiff's statement shall contain an assessment from the plaintiff's viewpoint of the strengths and weaknesses of her position.

    b) Defendants' statement shall contain an assessment of their position and exposure in this case, and the respective strengths and weaknesses of defendants' position.

3) Each statement shall include a brief overview of the facts and a summary of the party's view of the law as to their respective theories.

4) Nothing in the way of a jury speech shall be contained in the settlement conference statements.

---

[2] The parties are advised that, unless otherwise specifically ordered, failure to be present with <u>full</u> settlement authority could result in imposition of sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. However, the Court is aware of the potential role of the Board of Directors in approving a settlement.

5) Each statement shall contain an assessment of the economic cost of proceeding further, including attorney fees and expenses that have already been incurred and attorney fees and expenses that will be incurred if this case is not settled.

6) Each settlement conference statement also shall contain a statement of counsel's best judgment as to the amount which should be paid by the defendants in a settlement of the case and all other related terms and conditions of such a settlement.

7) The statement shall include the maximum amount the defendants may be willing to pay and the minimum amount the plaintiff may be willing to accept.[3]

8) Each statement shall recount with specificity the settlement discussions between the parties to date.

9) Each statement shall contain counsel's representation that she or he has read and complied with this order.

Counsel for the parties shall convene a telephone conference call with the Court on **Friday, December 5, 2014, at 3:00 p.m.,** to be initiated by defendants' counsel, to address any matters that the parties and/or the Court may have with regard to the conduct of the settlement conference.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[3] Essentially, the parties shall provide their "bottom line." However, the parties should be prepared to negotiate further from these figures during the course of the settlement conference.